BAILEY

*v.*

McCANCE.

(*Supreme Court of Appeals of Virginia, Jan. 12, 1899.*)

[32 S. E. Rep. 43.]

### Action for Assault—Instructions—Vindictive Damages.

An instruction, in an action for assault, that, if defendant assaulted plaintiff willfully, the jury might give vindictive damages, is not objectionable, as assuming that an assault was made.

### Same—Verdict.

The court will not disturb a verdict as excessive, unless it has been influenced by passion, partiality, or prejudice.

Error to hustings court of Petersburg.

Action by one McCance against David Bailey. There was a judgment for plaintiff, and defendant brings error. Affirmed.

*Hamilton & Mann, W. B. McIlwaine, J. A. D. Richards, L. A. Bailey,* and *J. M. Johnson,* for plaintiff in error.

*W. R. McKenney,* for defendant in error.

KEITH, P., delivered the opinion of the court.

McCance brought suit in the hustings court of the city of Petersburg against David Bailey, charging that one William Ellis had made an assault upon him, acting as the agent and at the instigation of the defendant. In this suit the jury found a verdict for $2,000, upon which the court entered

judgment.   During the trial the defendant took several bills of exceptions to the rulings of the court, and the case is now before us upon a writ of error.

After the evidence had been concluded, the plaintiff asked the court to give four instructions, all of which it refused, and in lieu thereof gave seven of its own, and this action of the court constitutes the defendant's first bill of exceptions.

Plaintiff in error indulges in much learned and acute criticism upon the form of the instructions given by the court.   To illustrate the general character of the objections urged, we will take what is said with respect to the seventh instruction, which is as follows:

"If the jury believe from the evidence that the defendant assaulted the plaintiff willfully, and upon slight provocation, or no provocation at all, they may, in addition to the damages mentioned above, give, in their discretion, exemplary or vindictive damages, by way of punishment."

Plaintiff in error finds in this language an effort upon the part of the court to usurp the province of the jury, and many cases are cited to show the jealous care with which this court watches over the trial by jury, and protects it from the slightest invasion of its duties and privileges upon the part of the trial court. It is urged that in the instruction quoted the court assumes that an assault was made, and the only question left to the jury is whether the assault was willful and upon slight provocation, or no provocation at all.   The objection betrays the straits in which the plaintiff in error is placed.   It is plain to us that it was under the instruction for the jury to say—First, whether or not the defendant had been guilty of assault; and, secondly, whether that assault had been willful, and upon slight provocation or no provocation at all.   Those were the conditions upon which the conclusion of law was predicated.   It was left to the jury to say whether or not a "willful assault" had been made, and, if they found such an assault was estab-

lished by the evidence, then they were told that it followed, as a matter of law, that they could give, in their discretion, exemplary or vindictive damages by way of punishment.

And so with a like objection urged to other instructions given by the court. The criticism upon them is without merit, and we are of opinion that the court correctly and sufficiently propounded the law of the case to the jury.

When we come to the facts, they are to be considered as upon a demurrer to the evidence, and, in the light of that rule, the testimony must be taken to establish that the defendant in error, a man more than 60 years of age, quietly walking along the streets of the city of Petersburg, was willfully, and without provocation, assaulted by William Ellis, at the instigation of David Bailey, who was present, inciting, encouraging, and approving the commission of the offense. The injuries inflicted, while not such as to endanger life, were inflicted in a wanton and unjustifiable manner. The head of defendant in error was cut in several places, his eyes were bruised, his ear was bitten, and his back was strained, and this outrage was perpetrated upon him by the negro man, Ellis, incited and encouraged thereto by the plaintiff in error, David Bailey.

The jury which heard the evidence was of opinion that $2,000 was a proper sum to allow as damages for this most aggravated assault. The judge who presided at the trial approved the verdict, and the authorities cited by the learned counsel for plaintiff in error admonish us that we shall not trench upon the province of a jury and disturb its verdict, unless it has been influenced by passion, partiality, or prejudice.

Upon the whole case we are of opinion that there is no error, and the judgment of the hustings court is affirmed.

RIELY and CARDWELL, JJ., absent.